UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RAY TYLICKI, | ) | CASE NO. 1:07 CV 3659 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MARK SHULTZ, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On November 27, 2007, pro se plaintiff Ray Tylicki filed this action under 42 U.S.C.
§ 1983 against City of Berea Police Chief Mark Shultz, Berea Mayor Joseph Biddlecombe, and
"Unknown Detective" John Doe.  In the complaint, plaintiff asserts that his rights against self-
incrimination, and access to the courts were violated.  He seeks compensatory and injunctive relief.
Mr. Tylicki also filed an Application to Proceed In Forma Pauperis.  That Application is granted.

**Background**

Mr. Tylicki states that unknown Berea detectives took him from a holding cell to the
booking area of the jail where he was photographed against his will.  He contends that the
photograph was eventually used as evidence.  He indicates that the officers did not read his Miranda
rights and would not permit his attorney to be present for the photograph in violation his right
against self-incrimination.

In addition, Mr. Tylicki alleges that the Berea Jail has a modest collection of law books.  He claims he was not permitted to use the books, which he asserts violated his right of access to the courts.  He adds that the defendants refused to provide him with a pen and paper to write legal and family correspondence.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Tylicki has not stated a viable claim against either Police Chief Mark Shultz, or former Mayor Joseph Biddlecombe.  He indicates in his complaint that he is including these individuals as defendants under a theory of respondeat superior.  It is well established that §1983 will not support a claim based upon a theory of respondeat superior alone.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official

---

[1]     An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

policies or customs or when the supervisor encouraged the specific misconduct or in some way directly participated in it. Monell v. Dept. of Social Services, 436 U.S. 658 (1978); Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982); see also, Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act" and must lie upon more than a mere right to control employees. Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). The complaint contains no allegations reasonably suggesting that defendants Shultz or Biddlecombe encouraged, acquiesced in, or established policies resulting in the violation of Mr. Tylicki's rights.

Moreover, Mr. Tylicki's claims against John Doe are without merit. Although his pleading is not written clearly and concisely, it appears that Mr. Tylicki is claiming that the officers should have provided Miranda warnings to him and allowed him to have counsel present during the taking of his photograph during his intake into the jail. As a general rule, when a defendant is in custody, law officials must give him appropriate Miranda warnings before interrogation begins; otherwise, any statements resulting from the police interrogation will be inadmissible unless the defendant clearly and intelligently waived his rights. See Miranda v. Arizona, 384 U.S. 436 (1966). Although custodial interrogation had been interpreted to include "words or actions that...the officer knows or reasonably should know are likely to 'have ... the force of a question on the accused' ... and therefore be reasonably likely to elicit an incriminating response, " Pennsylvania v. Muniz, 496 U.S. 582, 601 (1990) (citation omitted), routine booking questions, or questions posed to secure the personal history data necessary to complete the booking process, are exempt from Miranda's coverage. Id. Assuming that taking a booking photograph of the plaintiff could be construed as

-3-

"questioning," the process is a routine part of the intake process. Officers were not required to read Mr. Tylicki his <u>Miranda</u> rights before taking his photograph during the booking process.

In addition, Mr. Tylicki asserts that the taking of his photograph violated his right against self-incrimination. The Fifth Amendment proscriptions, however, do not attach where the evidence is not "relat[ed] to some communicative act," <u>U.S. v. Williams</u>, 704 F.2d 315, 317 ( 6th Cir.1983). The privilege attaches only to testimonial compulsion and not to demonstrative, "physical or real" evidence. <u>Id.</u> Mr. Tylicki's photograph is not "testimony" for purposes of the Fifth Amendment.

Finally, Mr. Tylicki fails to state a claim for denial of access to the courts. To state a claim for denial of access to the courts, a plaintiff must demonstrate he suffered actual injury as a result of the defendants' actions. <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). This injury requirement is not satisfied by just any type of frustrated legal claim. <u>Id</u>. A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific non-frivolous direct appeals, habeas corpus applications, or civil rights actions. <u>Id.</u>; <u>Hadix v. Johnson</u>, 182 F.3d 400, 405 (6th Cir. 1999). "Impairment of any other litigating capacity is simply one of the incidental, and perfectly constitutional, consequences of conviction and incarceration."[2] <u>Id.</u> at 355. Mr. Tylicki does not allege that he suffered any injury as a result of the defendant's denial of his request for law books. Absent this allegation, he has not stated a claim for denial of access to the courts.

---

[2]   The Supreme Court stressed that the First Amendment does not guarantee prisoners the ability to transform themselves into "litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." <u>Lewis</u>, 518 U.S. at 355.

## Conclusion

Accordingly, plaintiff's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

February 6, 2008

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.